UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD BANKS,

                              Plaintiff,

                    -v-

MCGLYNN, HAYS & CO., INC., *et al.*,
                              Defendants.

21-CV-679 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Edward Banks brings suit against McGlynn, Hays, and Company, Inc. ("McGlynn"), and several of its agents and employees (collectively, "Defendants"), for terminating his employment at McGlynn.  Defendants claim that they fired Banks, in part, because of excessive absences, which Banks asserts violated the Family Medical Leave Act ("FMLA") because he missed time due to a serious health condition.  Banks also brings discrimination and retaliation claims under 42 U.S.C. § 1981, state law, and city law.  Defendants move to dismiss all of Banks's claims. For the reasons that follow, the motion is granted in part and denied in part.

I.      **Background**

The following facts are drawn from Banks's amended complaint and are assumed true for the purposes of this motion.

Banks is a Black man who worked as a welder for McGlynn from 2016 until he was terminated in 2018.  (*See* Dkt. No. 21 ¶¶ 40, 42–43, 202.)  Carlucci is an owner of McGlynn (*see* Dkt. No. 21 ¶ 59), Crincoli is the Vice President and Director of Human Resources of McGlynn (*see* Dkt. No. 21 ¶ 105), Sullivan and Robinson are supervisors and managers of McGlynn (*see* Dkt. No. 21 ¶¶ 57, 64), and Donniacuo is an assistant to Sullivan (*see* Dkt. No. 21 ¶ 53).  Each of

the individual defendants, except possibly Crincoli,[1] is white.  (*See* Dkt. No. 21 ¶¶ 51, 54, 61, 66.)

During Banks's tenure at McGlynn, Defendants repeatedly berated him with racial slurs and other insults.  Here are a few examples:

- Donniacuo called Banks a "Rigger," meaning "Nigger" (*see* Dkt. No. 21 ¶ 68);

- Donniacuo sent Banks a text that read "Thank my N," meaning "Nigger" (*see* Dkt. No. 21 ¶ 69);

- Donniacuo once asked Mr. Banks, "Eddie, is that your Nigger car outside?" (*see* Dkt. No. 21 ¶ 78);

- Robinson told Mr. Banks "[F]uck you, Eddy. You're a piece of shit" (Dkt. No. 21 ¶ 153).

After Banks complained to Sullivan about Donniacuo's repeated racists remarks (*see* Dkt. No. 21 ¶ 86), Sullivan told Banks to "stay downstairs and keep your mouth quiet" (*see* Dkt. No. 21 ¶ 96).  And after Banks repeatedly complained to Carlucci, Carlucci told him that he had someone "babysitting" Banks (*see* Dkt. No. 21 ¶ 137) and later told him "[t]his is your fault" (*see* Dkt. No. 21 ¶ 157).

While employed at McGlynn, Banks got into a car accident in June 2017 that injured his back.  (*See* Dkt. No. 21 ¶ 172.)  Banks went to the emergency room the morning after his car accident, and the hospital gave him a note that stated he should be excused from work for two days. (Dkt. No. 21 ¶¶ 171–72, 176.)  Banks later missed two additional, nonconsecutive days of work in 2017 after submitting another note from the hospital and then a note from an urgent care

---

[1] Banks does not allege Crincoli's race is in his complaint.

center.  (Dkt. No. 21 ¶¶ 180, 186.)  Banks also missed part of a workday in 2017 after asking to

leave early because he was in pain.  (Dkt. No. 21 ¶ 182.)  Additionally, Banks missed a workday

in 2018 to get an independent medical examination done.  (Dkt. No. 21 ¶ 192.)

   Defendants terminated Banks's employment in late January or early February of 2018.

(*See* Dkt. No. 21 ¶ 170.)  Defendants claim they did so, in part, due to excessive absences on

Banks's part.  (*See id.*)  Yet a number of White employees who missed a similar or larger amount

of time at work than Banks — for both medical and nonmedical reasons — never received any

discipline from Defendants.  (Dkt. No. 21 ¶¶ 228–59.)

Banks initiated this action in 2021 (Dkt. No. 1), and later filed an amended complaint

(Dkt. No. 21).  Banks alleges discrimination and retaliation under the FMLA, and additionally

brings discrimination and retaliation claims under 42 U.S.C. § 1981, state law, and city law.

(Dkt. No. 21 ¶¶ 260–413.)  Defendants move to dismiss this action (Dkt. No. 22), arguing that

Banks fails to allege that he suffered a qualifying "serious health condition" as the FMLA

requires and that Banks's FMLA claims are barred by the statute of limitations (*see* Dkt. No. 22-

5 at 5–9).  Defendants further argue that Banks's Section 1981 claims should be dismissed

because they are duplicative of claims in a prior action by Banks pending before the Court.  (*See*

Dkt. No. 22-5 at 9–13).

## II.   Legal Standard

To overcome a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  In

resolving a motion to dismiss, the court "must accept as true all well-pled factual allegations in

the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.  Discussion

### A.     FMLA Claims

The FMLA provides protections to workers who experience a "serious health condition," defined as an "illness, injury, impairment, or physical or mental condition that involves — inpatient care . . . or continuing treatment by a health care provider."  29 U.S.C. § 2611(11)..  Courts in this district have relied on Department of Labor regulations to determine whether a plaintiff's injury satisfies the FMLA's definition of a "serious health condition."  *See, e.g.*, *Barnett v. Revere Smelting & Refining Corp.*, 67 F. Supp. 2d 378, 384 (S.D.N.Y. 1999); *Boyce v N.Y.C. Mission Soc.*, 963 F. Supp. 290, 299 (S.D.N.Y. 1997).  Under Department of Labor regulations, inpatient care includes an overnight stay in a hospital, hospice, or residential medical care facility.  *See* 29 C.F.R. § 825.114.  For a serious health condition involving treatment by a health care provider, there are several independent bases that can satisfy this requirement under Department of Labor regulations, but only two are relevant here: "[a] period of incapacity of more than three consecutive days," along with other criteria; or a chronic condition that requires, among other things, "periodic visits (defined as at least twice a year) for a treatment by a health care provider."  29 C.F.R. §§ 825.115(a), (c).  Banks alleges that: he visited the emergency room one morning because he experienced back pain from a car accident he got into the previous evening (Dkt. No. 21 ¶¶ 171–72); he received a note from the hospital that stated he should be excused from work for two days — the day of his emergency room visit and the day afterwards

(Dkt. No. 21 ¶ 176); he later received an additional note from the hospital and then one from an urgent care center, each of which stated he should be excused for a single day of work (Dkt. No. 21 ¶¶ 180, 186); he texted one of the defendants asking to leave in the middle of a workday because of pain he experienced and stating that he would return the following workday (Dkt. No. 21 ¶ 182); and he received an independent medical examination during a workday months after his visit to the emergency room (Dkt. No. ¶ 192).  Missing from Banks's allegations, however, are any claims that Banks received inpatient care, that he was ever incapacitated for more than three *consecutive* days, or that his back injury required periodic visits for treatment.  The Court thus dismisses Banks's FMLA claims, without addressing their timeliness, because none of his allegations establish that he had a serious health condition.

### B.      Section 1981 Claims

Defendants move to dismiss Banks's discrimination and retaliation claims under Section 1981 as duplicative of the same claims in a prior action between the same parties pending before the Court.  *See Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (noting that a district court may dismiss a suit duplicative of another federal court suit when the two suits share the same parties or interests, involve the same rights asserted and relief prayed for, and are founded upon the same facts).  Banks relies on essentially the same set of facts for his Section 1981 claims in both cases (*see* Dkt. No. 21); *see Banks v. McGlynn, Hays & Co., Inc.*, No. 19 Civ. 5727, Docket Number 1 — except, here, he also alleges that Defendants racially discriminated and retaliated against him for missing time at work.  According to Banks, Defendants did not discipline non-Black employees who missed a similar or greater amount of time for medical and nonmedical reasons.  (Dkt. No. 21 ¶¶ 228–59.)  Banks asserts that he did not include these allegations in the first action because Defendants did not disclose that they purportedly fired Banks for missing work until discovery in the first action.  (*See* Dkt. No. 23 at

11–12.)  Banks also intends to move to consolidate this action with his prior action, noting that most of the discovery for this action has already been completed during his first action.  (*See* Dkt. No. 23 at 12.)  Defendants, in turn, notably do not challenge the merits of Banks's Section 1981 claims premised on these additional allegations of disparate treatment.

The Court therefore denies Defendants' motion to dismiss Banks's Section 1981 claims, and Banks's parallel state and city law claims, contingent on a motion from Banks to consolidate this action with his prior action.

## IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss the case is GRANTED in part and DENIED in part.  Banks's FMLA claims are dismissed; Banks's remaining discrimination and retaliation claims — under Section 1981, state law, and city law — survive.

The Clerk of Court is directed to close the motion at Docket Number 22, as well as Defendants' motion to dismiss the initial complaint at Docket Number 12, which is denied as moot.

Defendants shall file answers to the remaining claims within 21 days after the date of this opinion and order.

SO ORDERED.

Dated:  March 22, 2022
        New York, New York

_____
J. PAUL OETKEN
United States District Judge