**MANDATE**

24-585 (L)
*Banks v. McGlynn*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/9/2025____

---

EDWARD BANKS,

> *Plaintiff-Appellant*,

v.                                                        24-585, 24-895

MCGLYNN, HAYS & CO., INC.; GERARD CARLUCCI; JACK ROBINSON; CHRISTOPHER SULLIVAN; CIRO DONNIACUO; JOSEPH I. CRINCOLI.

> *Defendants-Appellees.* *

---

FOR PLAINTIFF-APPELLANT:        LAURIE E. MORRISON, Law Offices of Laurie E. Morrison, New York, NY.

FOR DEFENDANTS-APPELLEES:        EDWARD WEISSMAN, Law Offices of Edward Weissman, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**MANDATE ISSUED ON 05/09/2025**

Appeal from a judgment of the United States District Court for the Southern District of New York (Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Edward Banks was employed as a welder at McGlynn, Hays & Co., Inc. ("McGlynn"). He was terminated for sleeping on the job, socializing and taking breaks at improper times during working hours, and engaging in a near-physical altercation with a co-worker. Banks sued McGlynn and various individual defendants (together, "Defendants") alleging racial discrimination and retaliation under 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). Defendants moved for summary judgment, and Banks cross-moved for partial summary judgment. On February 20, 2024, the district court granted summary judgment to Defendants on Banks's Section 1981 claims, denied Banks's cross-motion, and declined to exercise supplemental jurisdiction over Banks's NYSHRL and NYCHRL claims. Banks appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review an award of summary judgment *de novo.*" *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 19 (2d Cir. 2014). "Summary judgment is appropriate only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).

"A genuine issue exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor."    *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007) (quotation marks omitted).

We affirm for substantially the same reasons given by the district court.    Banks fails to raise a genuine issue as to whether he was subject to "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive" to establish a hostile work environment and as to whether he was terminated under circumstances that give rise to an inference of discrimination, or retaliation.    *Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015).    Even if Banks had established a prima facie case of discrimination or retaliation, Defendants present legitimate, non-discriminatory, and non-retaliatory reasons for terminating Banks—namely, sleeping on the job, socializing and taking breaks at improper times during working hours, and engaging in a near-physical altercation with a co-worker.    *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) ("If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination.") (quotation marks omitted).    Banks, in turn, presents no evidence from which a reasonable jury could conclude that those reasons are a pretext for racial discrimination or retaliation.    His claims of hostile work environment, discrimination, and retaliation under Section 1981 thus fail.

*      *      *

3

We have considered the remainder of Banks's arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit